### JACKSON v BELLAMY et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11702. Decided July 22, 1931

I. R. Winsper, Cleveland, for Jackson.
Squire, Sanders & Dempsey, Cleveland, for Bellamy et.

ROSS, PJ, HAMILTON and
CUSHING, JJ, (1st Dist) sitting.

## HAMILTON, J.

No extended discussion is justified in the determination of this error proceeding. The plaintiff was not entitled to the relief prayed for, for the following reasons:

1. The record discloses the pipe is in the roadway. The description in her deed to the abutting property is only to the north boundary of the roadway.

In the case of **Oberhelman v Allen, 7 Oh Ap 251,** it is stated in the opinion:

"The rule that proprietors presumptively own the fee of the soil under that half of the road which is contiguous to their lands is founded on the presumption that the land covered by the highway was originally granted by the adjoining owners in equal proportions. When it appears that it was all granted by a single proprietor, the presumption is rebutted." Citing cases.

Therefore, the only right of plaintiff in the roadway or street is ingress and egress to her abutting property and her right to travel, none of which it interfered with.

2. She is barred by lapse of time. The water pipes were first laid in 1903. In 1928 the county commissioners improved the road and at the time the defendant proprietors of the pipe line, successors to the original owner, added some new pipe and relaid a part of it. Having acquiesced in the maintenance for more than twenty-five years, she will not be heard to complain at this late date.

3. The pipes are used for the furnishing of the water supply for the Village of Chagrin Falls, which is a public use. A court of equity will not cut off the water supply of the village by injunction but will leave plaintiff to a court of law.

4. The plaintiff's abutting property and the roadway has been for some time within an incorporated village and the roadway in question is now a village street in which plaintiff has no proprietary interest. However, that may be she can have no such interest, as her deed specifically limits her boundary to the road or street line.

The judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.